No. 13-99001

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOHN EDWARD SANSING,

Petitioner-Appellant,

vs.

CHARLES L. RYAN, Director,
Arizona Department of Corrections, *et al.*,

Respondents-Appellees.

On Appeal from the United States District Court
District of Arizona
Case No. 2:11-cv-01035-SRB

**APPELLANT'S SUPPLEMENTAL REPLY BRIEF**

JON M. SANDS
Federal Public Defender

Jennifer Y. Garcia (Arizona Bar No. 021782)
Assistant Federal Public Defender
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
(602) 382-2816
(602) 889-3960   facsimile

COUNSEL FOR PETITIONER-APPELLANT

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUTHORITIES ......................................................................... ii

INTRODUCTION ..........................................................................................1

ARGUMENT ..................................................................................................1

Claim Four .....................................................................................................1

    Sansing was denied effective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution because trial counsel failed to properly advise Sansing about the consequences of his plea, stipulated factual basis, and sentencing stipulation. ...................................................................................................1

CONCLUSION ...............................................................................................7

CERTIFICATE OF COMPLIANCE ..............................................................8

CERTIFICATE OF SERVICE .......................................................................9

# TABLE OF AUTHORITIES

**Federal Cases**

*Ainsworth v. Woodford*, 268 F.3d 868 (9th Cir. 2001) .............................................. 5

*Lambright v. Stewart*, 241 F.3d 1201 (9th Cir. 2001) .............................................. 5

*Stankewitz v. Woodford*, 365 F.3d 706 (9th Cir. 2004) ......................................... 4, 6

*Wiggins v. Smith*, 539 U.S. 510, 537-38 (2003) ....................................................... 6

**State Cases**

*State v. Sansing*, 26 P.3d 1118 (Ariz. 2001) ....................................................... 3, 4

*State v. Sansing*, 77 P.3d 30 (Ariz. 2003) ................................................................ 4

**Rules**

Fed. R. App. P. 32 ..................................................................................................... 8

# INTRODUCTION

Petitioner-Appellant John Edward Sansing relies on the arguments presented in his Replacement Opening Brief in support of this claim. (Ninth Cir. ECF 51.) However, in accordance with this Court's Order (Ninth Cir. ECF 64), Sansing replies to specific arguments made by Respondents in their Supplemental Answering Brief below (Ninth Cir. ECF 66 (hereinafter "Supp. AB")).

# ARGUMENT

## Claim Four

**Sansing was denied effective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution because trial counsel failed to properly advise Sansing about the consequences of his plea, stipulated factual basis, and sentencing stipulation.**

Respondents argue that because Sansing stated on the record that he had reviewed the plea agreement with his counsel, the Court must presume that he had reviewed the agreement with them. (Supp. AB at 9-10.) Sansing does not disagree that this is the correct presumption, but later events clarify that this review could not have been adequate because even his counsel did not understand the import of the facts admitted therein.[1] In this case, counsel cannot have adequately explained the

---

[1] The 1989 ABA Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases, which went into effect long before Sansing's arrest, make clear that counsel has a duty to "explain to the client the full content of the agreement along with the advantages, disadvantages and potential consequences of the agreement." (ER 291.) Before a client enters a plea, it is incumbent upon counsel to

1

agreement or the admissions contained within because counsel himself did not understand what Sansing was agreeing to in the factual basis. (*See* ER 1152.) And, the fact in question was not true. (ER 1354; ER 1253; ER 451; ER 1104.) It is unreasonable to say that counsel could have understood that the factual basis contained an untrue fact that established a weighty aggravating factor, yet still have both adequately advised his client to admit the untrue fact and then later argued against that fact at sentencing.

Respondents further argue that Sansing cannot prove that he would not have pled guilty had trial counsel properly advised him about the factual basis and stipulation. (Supp. AB at 11-12.) Respondents point to Sansing's intense remorse, his desire to spare the victim's family and his own children from a prolonged trial, and the strength of the state's case as reasons why Sansing would not have rejected the factual basis and decided against pleading guilty had counsel adequately advised him. (Supp. AB at 12-13.) However, this argument misconstrues Sansing's entire claim. Sansing's claim is not that he would not have pleaded guilty to the charges, but rather that he would not have signed the existing factual basis and stipulation if the consequences had been correctly explained to him. Sansing was not offered a

---

"make certain that the client understands the rights he or she will waive by entering the plea and that the client's decision to waive those rights is knowing, voluntary and intelligent" and "make certain that the client fully and completely understands the . . . consequences [he] will be exposed to by entering a plea." (ER 292.)

2

"plea agreement" in exchange for his guilty plea.[2] Thus, because he was pleading outright to the charges in the indictment, he only needed to include the elements of the crimes in his factual basis, which did not include the victim's consciousness. Trial counsel clearly rendered deficient performance in advising Sansing to sign a factual basis that was both inaccurate and unnecessarily included an aggravating factor. Had counsel provided effective assistance, Sansing would have still pleaded guilty to the charges, but he would not have provided conclusive (and incorrect) evidence in support of the cruelty aggravating circumstance.

And, while Respondents are correct that the (F)(6) aggravating factor, the only one remaining in this case, can be established through both cruelty or heinousness and depravity, they are incorrect in arguing that thus the cruelty prong is inconsequential. (Supp. AB at 14-15.) In Sansing's first direct appeal opinion, the Arizona Supreme Court struck down the trial court's finding of the pecuniary gain aggravating circumstance, but upheld Sansing's death sentence after finding that the mitigation presented was not substantially sufficient to overcome the sole remaining aggravating circumstance. *State v. Sansing*, 26 P.3d 1118, 1131 (Ariz. 2001)

---

[2]Sansing pleaded guilty to all of the charges in the original indictment while the State was still seeking the death penalty. While the State did drop four charges of child abuse in another cause, dropping minor offenses had no effect on his ultimate sentence. The sentencing court acknowledged that Sansing had not received a plea deal during the plea colloquy, stating: "Mr. Sansing, you have pled today, straight up to all the charges against you, other than the child abuse counts, and there are no agreements[.]" (ER 1399.)

3

("*Sansing I*"). (ER 246.) The Arizona Supreme Court found it unnecessary to address the heinous or depraved prong after finding the cruelty prong existed. *Sansing I*, 26 P.3d at 1129. (ER 239-40.) Following supplemental briefing in Sansing's case, the Arizona Supreme Court found the *Ring* error to be harmless as to both prongs and once again affirmed his death sentence. *State v. Sansing*, 77 P.3d 30 (Ariz. 2003) ("*Sansing II*").³ (ER 103-27.) As discussed in Sansing's Replacement Opening Brief, both of these findings by the Arizona Supreme Court are unreasonable and not supported by the evidence. (*See* Ninth Cir. ECF 61 at 36-39.) And in any event, the weight of the (F)(6) factor would certainly be affected by the fact that only one prong of the factor had been established, rather than both.

Furthermore, Sansing's desire to spare his children from testifying did not relieve trial counsel's duty of interviewing the children before advising his client to sign the factual basis and stipulation. *Stankewitz v. Woodford*, 365 F.3d 706, 721-22 (9th Cir. 2004) ("[O]pposition to calling family members or experts as witnesses does not excuse an attorney from interviewing experts and family members or from investigating documents containing mitigating evidence."). If counsel had conducted such a minimal investigation, they would have learned that the victim was

---

³When considering Sansing's motion for reconsideration of this decision, the Arizona Supreme Court was equally divided, with two justices voting for remand, two voting against, and one recusing himself. (ER 1112.) Because the court was equally divided, it denied the reconsideration motion. (ER 1112.)

unconscious at the time of the rape and stabbing. Such an investigation was required for trial counsel to properly advise his client regarding his factual basis and to rebut the (F)(6) aggravating factor. As noted above, counsel did not realize that the written factual basis conclusively established an aggravating factor, as evidenced by counsel's attempt at arguing that the victim was not in fact conscious in the sentencing memorandum despite Sansing's admissions and stipulations. (ER 1152.)

Finally, Respondents also argue that Sansing cannot show prejudice because "the aggravation was simply too weighty to overcome" with Sansing's mitigation. (Supp. AB at 15.) This is also incorrect. Almost every capital case presents difficult and ugly facts, but that does not mean that trial counsel is held to a lesser standard. Difficult crime facts make it even more incumbent upon counsel to explain what may, at first blush, appear inexplicable. In fact, this Court has already made clear that, especially in cases like this one where the State proved the existence of only a sole aggravating factor, "[e]vidence of mental disabilities or a tragic childhood can affect a sentencing determination even in the most savage case." *Lambright v. Stewart*, 241 F.3d 1201, 1208 (9th Cir. 2001); *see also Ainsworth v. Woodford*, 268 F.3d 868, 874-78 (9th Cir. 2001) (finding prejudice from counsel's failure to present evidence of the defendant's "troubled childhood, his history of substance abuse, and his mental and emotional problems" despite the brutal facts of the underlying crime).

The same is true of numerous other cases decided by this Court and the Supreme Court. In *Wiggins*, prejudice was found even though the defendant intentionally drowned a 77-year-old woman in her bathtub. *Wiggins v. Smith*, 539 U.S. 510, 514, 537-38 (2003). The Supreme Court has "made clear that counsel's failure to present mitigating evidence can be prejudicial even when the defendant's actions are egregious." *Stankewitz*, 365 F.3d at 723. In *Stankewitz*, the defendant stole a woman's car, held her captive, and shot her in the head. 365 F.3d at 707. The Court described the crime as "callous and impulsive," and in aggravation, the prosecution offered testimony of numerous other prior violent acts committed by the defendant, including a prior stabbing. *Id.* at 707, 723. Nevertheless, the defendant was prejudiced by sentencing counsel's failure to present, in more detail, mitigating evidence. These cases demonstrate that even the most brutal of crimes can be placed into a larger context, "enabling [the sentencer] better to understand and weigh" the "apparently senseless act" of the defendant. *Stankewitz*, 365 F.3d at 707. The appraisal of Sansing's culpability does not just hinge upon the facts of the crime, it hinges upon the facts of his life as well.

The record in this case makes clear that trial counsel did not conduct a constitutionally adequate investigation into the aggravating factors, which prevented them from being able to properly advise Sansing of the consequences of agreeing to the factual basis, which contained an untrue fact and unnecessarily established an

6

aggravating factor. This failure, especially when combined with counsel's failure to properly investigate, develop, and present Sansing's mitigation evidence, the state courts' refusal to properly consider the evidence that was presented, and the state courts' denial of the jury sentencing to which he was constitutionally entitled, demonstrates clearly that Sansing's constitutional rights have been ignored and the state courts' decisions otherwise are unreasonable. Counsel's performance with regard to Sansing's guilty plea was constitutionally deficient to Sansing's prejudice, and he is entitled to relief on this ground as well.

## CONCLUSION

For the preceding reasons, Sansing respectfully requests that this Court reverse the district court's order denying his federal habeas corpus petition and remand the case to the district court with orders to grant the writ of habeas corpus and return Sansing's case to the state courts for further proceedings. In the event this Court concludes that factual issues relevant to the issues addressed herein remain unresolved, Sansing requests that the case be remanded to the district court for discovery and an evidentiary hearing.

Respectfully submitted:  July 16, 2018.

Jon M. Sands
Federal Public Defender
Jennifer Y. Garcia

By s/Jennifer Y. Garcia
Attorney for Petitioner-Appellant

7

## CERTIFICATE OF COMPLIANCE

This brief complies with the Court's Order regarding the length of the supplemental reply brief (Ninth Cir. ECF 64) not to exceed 3,500 words. It contains 1,732 words, excluding the parts exempt under Fed. R. App. P. 32(a)(7)(B)(iii). It was prepared in a proportionately spaced typeface (Times New Roman, a Windows system font) of size 14 points, double spaced, using Word 2010.

Date: July 16, 2018

                                              s/Jennifer Y. Garcia
                                              Attorney for Petitioner-Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/Jennifer Y. Garcia
Attorney for Petitioner-Appellant
